**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION**

EDDIE MEKASHA,

          Plaintiff,

v.

TYSON FRESH MEATS, INC. a/k/a
TYSON FOODS, INC., PBX, INC.,
CHRISTY CHAPPLEAR, and DANIEL
HORTON,

          Defendants.

CASE NO. LACV123288

**NOTICE OF REMOVAL**

Defendants, Tyson Fresh Meats, Inc. a/k/a Tyson Foods, Inc. ("Tyson"),[1] PBX, Inc. ("PBX"), Christy Chapplear ("Chapplear"), and Daniel Horton ("Horton") (the "Defendants"), hereby remove the above-referenced action from the Iowa District Court of Pottawattamie County, Case No. LACV123288, to the United States District Court for the Southern District of Iowa, Western Division, pursuant to 28 U.S.C. §§ 1331 and 1441. In support of its removal, Defendants state as follows:

      1.      This action is being removed to Federal Court based upon federal question jurisdiction.

      2.      Plaintiff filed the Petition in the above-entitled civil action in the Iowa District Court of Pottawattamie County, on September 6, 2022, and served the same on Defendants Tyson, PBX, and Chapplear on September 13, 2022, and Defendant Horton has not yet been served. Therefore, Defendants have timely removed this case. The action is wholly civil in nature, and the United States District Court for the Southern District

---

[1] Tyson Fresh Meats, Inc. is not "known as" Tyson Foods, Inc. Plaintiff was employed by Tyson Fresh Meats, Inc. and it is the only proper Defendant in this matter.

of Iowa, Western Division, has original jurisdiction under 28 U.S.C. § 1331 and the action may be removed by Defendants pursuant to 28 U.S.C. § 1441(a).

3.     This Court has federal question jurisdiction over the action because Plaintiff's Petition seeks relief under the Americans with Disabilities Act ("ADA"), the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the 1964 Civil Rights Act.

4.     This Court has supplemental jurisdiction over Plaintiff's claims alleged under the Iowa Code Chapter 216 and the Iowa Civil Rights Act, pursuant to 28 U.S.C. § 1367.

5.     Defendants file this Notice of Removal pursuant to 28 U.S.C. § 1446 within 30 days of service of the Petition.

6.     Defendants expressly reserve all defenses to Plaintiff's claims, including, but not limited to, all defenses based in law, equity, statute, constitution, jurisdiction, or immunity, any other defense or avoidance, and does not waive any defense by this removal.

7.     Attached as Exhibit "A" and incorporated by reference is a true and correct copy of the pleadings served upon Defendants and removed by this notice.

8.     Attached as Exhibit "B" is a true and correct copy of the Notice of Filing of Notice of Removal which has been served with this document on all parties and filed with the Iowa District Court of Pottawattamie County.

9.     Also attached is the Civil Cover Sheet.

10.    Pursuant to L.R. 81(a)(2), Defendants state that the only matter pending in the state court at this time is Plaintiff's Petition (Ex. A).

11.    To Defendants' knowledge, there are no pending motions or other pleadings

pending in state court that will require resolution by this Court.

12.     In the state court action, Plaintiff Eddie Mekasha was represented by Roxanne Conlin and Devin C. Kelly of Roxanne Conlin & Associates, P.C., 3721 SW 61st St, Ste C, Des Moines, IA 50321-2418, Phone: 515-283-1111, Fax: 515-282-0477, roxanne@roxanneconlinlaw.com,   dkelly@roxanneconlinlaw.com.     Defendants were represented by Christopher R. Hedican of Baird Holm LLP, 1700 Farnam St, Ste 1500, Omaha, NE 68102, Phone: 402-344-0500, Fax: 402-344-0588, chedican@bairdholm.com.

13.     Defendants requests trial of this matter in Council Bluffs, Iowa.

WHEREFORE, Defendants notify the Court of the removal of this action from the Iowa District Court of Pottawattamie County, to the United States District Court for the Southern District of Iowa, Western Division.

Dated this 30th day of September 2022.

> TYSON FRESH MEATS, INC. a/k/a TSON FOODS, INC., PBX, INC., CHRISTY CHAPPLEAR, Defendants,
>
> By:   s/Christopher R. Hedican
>       Christopher R. Hedican (IA# 16099)
>       ICIS #AT0003470
> of   BAIRD HOLM LLP
>       1700 Farnam St, Ste 1500
>       Omaha, NE  68102-2068
>       Phone: 402-344-0500
>       Facsimile:  402-344-0588
>       chedican@bairdholm.com
>
> Attorneys for Defendants

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Roxanne Conlin –
roxanne@roxanneconlinlaw.com

Devin C. Kelly –
dkelly@roxanneconlinlaw.com

and I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.


/s Christopher R. Hedican

DOCS/2864328.4

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
09/13/2022
CT Log Number 542295655

## Service of Process Transmittal Summary

**TO:**    Paulette Smith
Tyson Foods, Inc.
2200 W DON TYSON PKWY # 131
SPRINGDALE, AR 72762-6901

**RE:**    **Process Served in Iowa**

**FOR:**   Tyson Fresh Meats, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: EDDIE MEKASHA // To: Tyson Fresh Meats, Inc. |
| **DOCUMENT(S) SERVED:** | Notice, Petition |
| **COURT/AGENCY:** | Pottawattamie County - District Court, IA<br>Case # LACV123288 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 06/09/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, Des Moines, IA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/13/2022 at 10:19 |
| **JURISDICTION SERVED:** | Iowa |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S)/SENDER(S):** | ROXANNE CONLIN<br>ROXANNE CONLIN & ASSOCIATES, P.C.<br>3721 SW 61st Street, Suite C<br>Des Moines, IA 50321<br>515-283-1111 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2022, Expected Purge Date: 09/18/2022 |
| | Image SOP |
| | Email Notification,  Jane Duke  jane.duke@tyson.com |
| | Email Notification,  Adam Deckinger  adam.deckinger@tyson.com |
| | Email Notification,  Brittany Pettingill  brittany.pettingill@tyson.com |
| | Email Notification,  Paulette Smith  paulette.smith@tyson.com |
| | Email Notification,  Sue Arens  sue.arens@tyson.com |
| | Email Notification,  Eli Glasser  eli.glasser@tyson.com |
| | Email Notification,  Leigh Anne Yeargan  leighanne.yeargan@tyson.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>400 East Court Avenue<br>Des Moines, IA 50309 |



**CT Corporation**
**Service of Process Notification**
09/13/2022
CT Log Number 542295655

877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED  2022 SEP 06 8:04 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| EDDIE MEKASHA,<br><br>      Plaintiff,<br><br>v.<br><br>TYSON FRESH MEATS, INC. a/k/a<br>TYSON FOODS, INC., PBX, INC.,<br>CHRISTY CHAPPLEAR, and DANIEL<br>HORTON,<br><br>      Defendant. | CASE No.  LACV123288<br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANTS:

You are notified that a petition has been filed electronically in the office of the clerk of this court naming you as the defendants in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiff are Roxanne Conlin and Devin Kelly of Roxanne Conlin & Associates, P.C., 3721 SW 61st Street, Suite C, Des Moines, IA 50321-2418. That attorneys' phone number is 515-283-1111; facsimile number 515-282-0477.

Pottawattamie County is an e-filing county. Please refer to Chapter 16 of the Iowa Rules of Court and specifically Division VI of Chapter 16 regarding the protection of personal and confidential information. You must serve a motion or answer within 20 days after the service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County at the county courthouse in Council Bluffs, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 712-328-5883. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

Pottawattamie COUNTY CLERK OF COURT
Pottawattamie County
227 South 6th Street
P.O. Box 476
Council Bluffs, IA  51502

## YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

1

E-FILED  2022 SEP 08 4:14 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACV123288** |
| *County* | **Pottawattamie** |

*Case Title*   EDDIE MEKASHA VS TYSON FRESH MEATS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

---

*Scheduled Hearing:*




---

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-5883** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **09/08/2022 04:14:27 PM**



*District Clerk of Court or/by Clerk's Designee of* Pottawattamie   *County*
**/s/ Jennifer Mitchell**

E-FILED 2022 SEP 06 8:04 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| EDDIE MEKASHA,<br><br>      Plaintiff,<br><br>v.<br><br>TYSON FRESH MEATS, INC. a/k/a<br>TYSON FOODS, INC., PBX, INC.,<br>CHRISTY CHAPPLEAR, and DANIEL<br>HORTON,<br><br>      Defendant. | CASE No. LACV123288<br><br>**PETITION AND JURY DEMAND** |

COMES NOW Plaintiff Eddie Mekasha, by and through counsel, Roxanne Conlin and

Associates, P.C., and hereby brings his causes of action against Defendants Tyson Fresh Meats,

Inc. a/k/a Tyson Foods, Inc., PBX, Inc., Christy Chapplear, and Daniel Horton and states to the

Court as follows:

### INTRODUCTION

1.     This is an action under and pursuant to the Iowa Civil Rights Act ("ICRA"), the

Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title

VII").

2.     Under ICRA, ADA, and/or Title VII, Plaintiff is protected from discriminatory

practices based on his race, skin color, national origin, and disability.

### PROCEDURAL REQUIREMENTS

3.     On August 8, 2021, within the 300-day limitations period from the last

discriminatory act alleged, Plaintiff Mekasha filed his initial charge of constructive discharge,

denied benefits, wrongful termination, and race, skin color, and national origin discrimination

with the Iowa Civil Rights Commission against Defendants. Plaintiff Mekasha later amended his

1

complaint with the Iowa Civil Rights Commission to include discrimination based on disability on April 22, 2022.

4.    On August 11, 2021, within the 300-day limitations period from the last discriminatory act alleged, Plaintiff Mekasha filed his second charge of constructive discharge, denied benefits, denied service, and race, skin color, national origin, and disability with the Iowa Civil Rights Commission against Defendants. Plaintiff Mekasha later amended his complaint with the Iowa Civil Rights Commission on April 22, 2022.

5.    On June 9, 2022, less than ninety days prior to the filing of this Petition, the Iowa Civil Rights Commission administratively closed Plaintiff Mekasha's cases and issued an Administrative Release and Letter of Right to Sue pursuant to Iowa Code Chapter 216 with respect to such charges of constructive discharge, denied benefits, denied service, discrimination, and wrongful termination.

## JURISDICTION AND VENUE

6.    The unlawful practices alleged herein were committed in Pottawattamie County, Iowa.

7.    The unlawful practices set forth below grew out of or were in connection with Defendants' business operations located in Pottawattamie County, Iowa making Pottawattamie County the appropriate venue pursuant to Iowa Code Section 616.18.

8.    The amount in controversy exceeds $6,500.00, thus jurisdiction is proper pursuant to Iowa Code Section 602.6101.

## PARTIES

9.    All times material hereto, Plaintiff Eddie Mekasha was a citizen and resident of Douglas County, Nebraska and employed by Defendants.

2

10.     All times material hereto, Defendant Tyson Fresh Meats, Inc., also known as, Tyson Foods, Inc. was a for-profit corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2200 W. Don Tyson Parkway, Springdale, Arkansas 72762, and operating a business at 2700 23rd Avenue, Council Bluffs, Iowa 51501.

11.     All times material hereto, Defendant PBX, Inc., was a for-profit corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2200 W. Don Tyson Parkway, Springdale, Arkansas 72762, and operating a business at 2700 23rd Avenue, Council Bluffs, Iowa 51501.

12.     All times material hereto, Defendant Christy Chapplear was a citizen and resident of Washington County, Nebraska, and was employed full-time at Defendants Tyson Fresh Meats, Inc., Tyson Foods, Inc., and/or PBX, Inc. as Human Resource Manager to Plaintiff Mekasha.

13.     All time material hereto, Defendant Daniel Horton was a citizen and resident of Pickens County, South Carolina, and was employed full-time at Defendants Tyson Fresh Meats, Inc., Tyson Foods, Inc. and/or PBX, Inc. as Assistant Human Resource Manager to Plaintiff Mekasha.

## FACTUAL BACKGROUND

14.     Plaintiff was diagnosed with PTSD after arrival in the United States because of past torture and forced imprisonment in concentration camps in Ethiopia prior to his arrival in the United States.

15.     On August 1, 2013, Plaintiff Mekasha was hired by the Defendants as Chaplain I.

16.     During Plaintiff's employment, he was promoted first to Chaplain II and then to Chaplain III.

3

17. As Chaplain, Plaintiff served as a spiritual advisor, counselor, and caseworker for other employees.

18. Plaintiff was diagnosed around 2017 with alcoholism.

19. Defendants mishandled COVID-19 after its appearance in the United States.

20. Plaintiff was required to come into direct contact with COVID-19 patients with no protections because of Defendants' mishandling of the illness of COVID-19.

21. Plaintiff alerted Defendants to the mishandling in February 2020, requested protective materials for himself and others, and informed them that many employees had COVID-19-related symptoms.

22. Plaintiff provided Defendants with a list of employees who had tested positive at the time.

23. Defendant denied the presence of COVID-19 in Plaintiff's workplace and did not provide protective materials or implement any procedures to prevent the spread of COVID-19.

24. Plaintiff was diagnosed in March 2020 with work-related stress and compassion fatigue because of Defendants' mishandling of COVID-19.

25. Plaintiff was diagnosed with COVID-19 and its related symptoms in May 2020, which Plaintiff came into contact with while at work.

26. Plaintiff was exposed and infected by COVID-19 because of Defendants' mishandling of COVID-19.

27. Plaintiff relapsed on his alcohol addiction in connection with his PTSD which was aggravated by the Defendants' conduct.

28. Plaintiff's PTSD was retriggered by COVID-19 and work-related stress diagnosis.

4

29.     Plaintiff notified Defendants of his relapse, PTSD, COVID-19, and work-related stress diagnosis.

30.     On January 20, 2021, Plaintiff was convicted of a misdemeanor DUI charge.

31.     Between January 25, 2021, and March 12, 2021, Plaintiff attended multiple counseling sessions through Defendants' Employee Assistance Program to obtain help with PTSD, relapse of alcohol addiction, and work-related stress.

32.     On February 9, 2021, Plaintiff provided Defendants with a doctor's note requesting reasonable accommodations to have less stressful work and limit driving for the next three months until May 9, 2021.

33.     Defendants did not accommodate Plaintiff's reasonable requests.

34.     On March 12, 2021, Defendants were provided with a note from CHI Health in regard to Plaintiff's issues with work-related stress, PTSD, COVID-19 diagnosis, and alcohol addiction relapse.

35.     On May 14, 2021, Plaintiff requested approval of time off from Defendants for May 18, 2021 through May 30, 2021.

36.     Plaintiff received approval for requested time off from Defendant for May 18, 2021 through May 30, 2021.

37.     Plaintiff served a six-day jail sentence starting on May 18, 2021 related to his DUI charges.

38.     Plaintiff did not violate the employer's attendance policy when serving time for a misdemeanor DUI.

39.     Defendants' employee, Kenton Schooling, a Caucasian American male with no known disabilities, also served a jail sentence around that time and was not fired or reprimanded.

5

E-FILED 2022 SEP 06 8:04 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

40.     Schooling in the same period as Plaintiff was serving time for a felony conviction.

41.     Schooling at all times material hereto worked as Ergonomics Safety Captain.

42.     Schooling, in his role as Ergonomics Safety Captain, served as management support and member of the Safety Council with Plaintiff.

43.     Schooling alerted Defendants that he would be serving a jail sentence for violating his parole terms.

44.     Multiple other employees who were Caucasian Americans with no known disabilities have served jail sentences while employed with Defendants and have not been fired or reprimanded.

45.     Defendants were alerted to many of these other employees who were Caucasian Americans with no known disabilities who had faced criminal punishment while employed by Defendants.

46.     Defendants were aware that a Caucasian American with no known disabilities employed as Operations Manager had alcohol and drug addictions but did not terminate or reprimand the employee.

47.     Defendants were aware that a Caucasian American with no known disabilities employed as a Supervisor had an alcohol and drug addictions but did not terminate or reprimand that employee.

48.     On June 1, 2021, Plaintiff met with Defendants Chapplear and Horton who told Plaintiff to resign, or he would be fired.

49.     Plaintiff was forced to resign by Defendants and wrote a letter to Defendants stating so.

6

E-FILED  2022 SEP 06 8:04 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

50.     Defendants forced Plaintiff to resign because of his skin color, race, national origin, and disabilities.

51.     Defendants denied Plaintiff benefits, including unemployment benefits, after his forced resignation.

52.     In June 2021, Defendants denied Plaintiff's request to be rehired and his position remained vacant.

53.     While employed with Defendants, Plaintiff received many excellent evaluations by supervisors, including in May 2021, prior to termination.

54.     Defendants had written rules and policies which Plaintiff received at the beginning of employment.

55.     Plaintiff did not violate Defendants' attendance policy nor did Defendants' policies and rules require Plaintiff to disclose off-duty criminal offenses.

56.     Plaintiff did not violate any work rules he was made aware of or put in writing and had not even been warned in connection with any misconduct.

## COUNT 1 – VIOLATION OF IOWA CODE CHAPTER 216
## DISCRIMINATION ON THE BASIS OF RACE, SKIN COLOR, NATIONAL ORIGIN, AND DISABILITY AGAINST DEFENDANTS

57.     Plaintiff is an African male born in Ethiopia, has dark skin and a disability, and as such, is a member of protected classes under the Iowa Civil Rights Act, Iowa Code Chapter 216.

58.     Defendants perceived Plaintiff as disabled within the meaning of the Iowa Civil Rights Act.

59.     Plaintiff was able to perform the essential functions of his job with reasonable accommodation.

7

60.     Defendants failed to accommodate Plaintiff's disabilities in violation of the Iowa Civil Rights Act.

61.     Defendants failed to engage in good faith in an interactive process with Plaintiff to assist him in accommodating his disability in violation of ICRA.

62.     Defendants discriminated against Plaintiff with respect to the terms and conditions of his employment in violation of ICRA, denied Plaintiff benefits and accommodations, and wrongfully terminated Plaintiff.

63.     Defendants discriminated against Plaintiff with respect to his employment based on his race, skin color, national origin, and disability, and denied him benefits, and wrongfully terminated him, all as set forth above, in violation of Iowa Code Chapter 216.

64.     Defendants engaged in a continuing pattern and practice of race, skin color, national origin, and disability discrimination in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

65.     Plaintiff's race, skin color, national origin, and disability were motivating factors in the discrimination.

66.     Defendants' violations of Iowa Code Chapter 216 were a cause of injuries and damages suffered by Plaintiff.

67.     As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff Eddie Mekasha prays for the following relief:

8

E-FILED 2022 SEP 06 8:04 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

(a)     That the Court declare Defendants' conduct complained of herein to be in violation of the Plaintiff's rights as secured by the Iowa Civil Code Chapter 216;

(b)     That the Court permanently enjoin Defendants and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns, and those acting in concert therewith, from any conduct violating Plaintiff's rights or the rights of others similarly situated as secured by ICRA;

(c)     That the Court award Plaintiff compensatory damages;

(d)     That the Court order Defendants to make whole the Plaintiff by providing him appropriate past and future lost earnings and benefits with prejudgment interest, and other affirmative relief;

(e)     That the Court award Plaintiff his attorney's fees and costs incurred in prosecuting this action; and

(f)     That the Court award Plaintiff such additional and further relief as it deems just and proper.

**COUNT 2 –
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
DISABILITY DISCRIMINATION AGAINST DEFENDANTS**

68.     Plaintiff was disabled within the meaning of the ADA, as set forth above.

69.     Alternatively, Defendants regarded Plaintiff as having a disability.

70.     Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

71.     Plaintiff requested reasonable accommodations from Defendants.

72.     Defendants failed to accommodate Plaintiff's disabilities in violation of the ADA.

E-FILED 2022 SEP 06 8:04 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

73.    Defendants failed to engage with Plaintiff in good faith in the interactive process to explore ways to accommodate his disabilities in violation of the ADA.

74.    Defendants discriminated against Plaintiff because of his disabilities.

75.    As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

76.    Defendants acted with malice and reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount necessary to punish Defendants and to deter them and others from similar conduct in the future, for appropriate equitable and injunctive relief, including but not limited to reinstatement, for prejudgment and postjudgment interest, for attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## COUNT 3 - VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981 AGAINST DEFENDANTS

77.    Defendants terminated Plaintiff from his position of Chaplain III.

78.    Race played a part in Defendants' decision.

79.    Plaintiff complained about the race discrimination he experienced and otherwise opposed practices made unlawful by 42 U.S.C. section 1981.

10

80.     Defendants fired Plaintiff and otherwise retaliated against him because of race and because of his complaints and opposition to discrimination.

81.     As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

82.     Defendants acted with malice and reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendants and to deter them and others from similar conduct in the future, for prejudgment and postjudgment interest, for attorney's fees and expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Civil Rights Act of 1866.

### COUNT 4 -
### RACE, COLOR, AND NATIONAL ORIGIN DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII AND ICRA AGAINST DEFENDANTS

83.     Plaintiff repleads the allegations set forth in Count 1 as if fully set forth verbatim herein.

84.     Plaintiff complained about the discrimination he experienced and otherwise opposed practices made unlawful by ICRA.

85.     Plaintiff complained about race discrimination he experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Rights Act.

11

86.     Defendants fired him and otherwise retaliated against him because of race and because of his complaints and opposition to discrimination.

87.     As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

88.     Defendants acted with malice and reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendant and to deter it and others from similar conduct in the future, for prejudgment and postjudgment interest, for attorney's fees and expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Title VII of the 1964 Civil Rights Act.

## JURY DEMAND

COMES NOW Plaintiff and hereby demands trial by jury as to all counts.

> */s/ Roxanne Conlin*
> ROXANNE CONLIN AT0001642
> DEVIN C. KELLY AT0011691
> ROXANNE CONLIN & ASSOCIATES, P.C.
> 3721 SW 61st Street, Suite C
> Des Moines, IA 50321-2418
> Phone: (515) 283-1111; Fax: (515) 282-0477
> Email: roxanne@roxanneconlinlaw.com,
>         dkelly@roxanneconlinlaw.com,

E-FILED  2022 SEP 06 8:04 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

cc:  dpalmer@roxanneconlinlaw.com
**ATTORNEYS FOR PLAINTIFF**

13

EXHIBIT "B"

## IN THE IOWA DISTRICT COURT OF POTTAWATTAMIE COUNTY

EDDIE MEKASHA,

        Plaintiff,

v.

TYSON FRESH MEATS, INC. a/k/a
TYSON FOODS, INC., PBX, INC.,
CHRISTY CHAPPLEAR, and DANIEL
HORTON,

        Defendants.

CASE NO. LACV123288

**NOTICE OF FILING NOTICE OF
REMOVAL**

Defendants, Tyson Fresh Meats, Inc. a/k/a Tyson Foods, Inc.[1], PBX, Inc., and Christy Chapplear, respectfully notify this Court of their removal of this case to the United States District Court for the Southern District of Iowa, Western Division.  Removal is based upon federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.  A true and correct copy of Defendants' Notice of Removal filed in the United States District Court for Southern District of Iowa, Western Division, is attached hereto and incorporated herein.

Dated this 30th day of September 2022.

---

[1] Tyson Fresh Meats, Inc. is not "known as" Tyson Foods, Inc. Plaintiff was employed by Tyson Fresh Meats, Inc. and it is the only proper Defendant in this matter.

TYSON FRESH MEATS, INC. a/k/a TSON
FOODS, INC., PBX, INC., CHRISTY
CHAPPLEAR, Defendants,

By:   s/Christopher R. Hedican
_____
        Christopher R. Hedican (IA# 16099)
        ICIS #AT0003470
of      BAIRD HOLM LLP
        1700 Farnam St, Ste 1500
        Omaha, NE  68102-2068
        Phone: 402-344-0500
        Facsimile:  402-344-0588
        chedican@bairdholm.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of September 2022 I served the foregoing
document via electronic filing with the Iowa District Court of Pottawattamie County, and
served a copy upon the following counsel of record:

    Roxanne Conlin
    Devin C. Kelly
    Roxanne Conlin & Assoc PC
    3721 SW 61st St, Ste C
    Des Moines, IA 50321-2418
    roxanne@roxanneconlinlaw.com
    dkelly@roxanneconlinlaw.com

                                        s/Christopher R. Hedican
                                        _____

DOCS/2864326.2

2

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Eddie Mekasha | Tyson Fresh Meats, Inc. a/k/a Tyson Foods, Inc., PBX, Inc., Christy Chapplear, and Daniel Horton |

**(b)** County of Residence of First Listed Plaintiff    Douglas, NE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Roxanne Conlin & Devin Kelly, Roxanne Conlin & Associates, 3721 SW 61st St, Ste C, Des Moines, IA 50321, 515-283-1111

Attorneys *(If Known)*
Christopher Hedican, Baird Holm LLP, 1700 Farnam St, Ste 1500, Omaha, NE 68102, 402-344-0500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act ("ADA"), the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the 1964 Civil Rights Act

Brief description of cause:
Federal question jurisdiction; federal laws regarding disability and other civil rights

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
9/30/2022

SIGNATURE OF ATTORNEY OF RECORD
s/Christopher R. Hedican

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.